ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| STEVEN G. SINKFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 312-073 |
| | ) (Formerly CR 311-003) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Steven G. Sinkfield, an inmate at the Coleman Low Federal Correctional Institution in Coleman, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion. (Doc. no. 3.) Petitioner opposes the motion to dismiss. (Doc. no. 7.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

In April of 2011, a federal grand jury indicted Petitioner on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of a firearm by a convicted felon,

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). United States v. Sinkfield, CR 311-003, doc. no. 1 (S.D. Ga. Apr. 5, 2011) (hereinafter "CR 311-003"). Pursuant to a written plea agreement, Petitioner pleaded guilty to the third count, possession of a firearm by a convicted felon. Id., doc. no. 36. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Id. at 3. In addition, by signing the plea agreement, Petitioner attested that he had read and understood the plea agreement and that the plea agreement accurately set forth the terms and conditions of his agreement with the government. Id. at 9.

The Honorable Dudley H. Bowen, Jr., United States District Judge, held a guilty plea hearing on August 31, 2011. During that hearing, Petitioner, who was represented by retained counsel, testified under oath that he was entirely satisfied with his lawyer's representation and his handling of the case, and that he had been afforded sufficient time to discuss the case and prepare for it with his lawyer. Id., doc. no. 48, p. 6. In addition, Judge Bowen summarized the terms of the plea agreement, specifically addressing the appeal and collateral attack waiver as follows:

> You've agreed to plead guilty to Count Three of the indictment. That is felon in possession of a firearm. . . . You have agreed to waive any right to appeal from the conviction or the sentence, Mr. Sinkfield. That means that you cannot ever challenge the sentence imposed or the fact of conviction in a

2

> habeas corpus proceeding or anything like that. However, if for some reason I imposed a sentence that went above the guideline range, in that event you would get your right to appeal back. Or, for example, if I somehow imposed a sentence that went above the statutory maximum – I haven't figured out how you do that yet – but if that happened you would get your right to appeal back. Do you understand that?

Id. at 10-11. Petitioner answered, "Yes, sir," affirming that he understood that explanation of the plea agreement, including the appeal and collateral attack waiver. Id. at 11.

Judge Bowen also explained at the plea hearing that the maximum penalty for Petitioner's crime was a prison term of not more than ten years, a fine of not more than $250,000.00, and a term of supervised release of up to three years plus a $100.00 special assessment. Id. at 7. Furthermore, in response to questions asked by Judge Bowen, Petitioner averred that no one had threatened, forced, or pressured him to plead guilty and that no one had made him any prediction, guarantee, or prophesy that he would receive a particular sentence. Id. at 10, 12. Following a government witness's presentation of a factual basis for the guilty plea, Judge Bowen asked Petitioner if he disagreed with any portion of those facts, and Petitioner answered that he did not. Id. at 19. Judge Bowen then asked Petitioner if he was guilty as charged in Count Three of the indictment, and Petitioner answered that he was. Id. Accordingly, Judge Bowen accepted Petitioner's guilty plea. Id. at 19-20.

After the guilty plea hearing, the United States Probation Office prepared a presentence investigation report ("PSI"), to which neither party objected. The PSI provided for a base offense level of fourteen with a four-point enhancement based on Petitioner's "possession of a firearm in connection with other felony offenses" for a total offense level

3

of eighteen. PSI ¶¶ 15-16, 24. Petitioner was assigned a criminal history category of I. Id. ¶ 68. In light of his total offense level and criminal history category, Petitioner's advisory range under the Sentencing Guidelines was 27 to 33 months. Id. In an addendum to the PSI, however, based on Petitioner's dishonesty concerning his use of cocaine and his possession of the firearm in question, as well as his extensive criminal history – which includes six previous convictions, two of which were for felony offenses, and thirteen separate criminal offenses – the United States Probation Office recommended an upward variance from the sentencing guidelines. See PSI Addendum; see also CR 311-003, doc. no. 47, pp. 4, 14-16, 19-20. Specifically, the United State Probation Office recommended that Petitioner be sentenced to 48 months of imprisonment and three years of supervised release. See PSI Addendum.

During Petitioner's sentencing hearing, which was held on December 20, 2011, Judge Bowen expressed his agreement with the recommendation for an upward variance, noting that he considered the original guidelines to be "woefully inadequate," and accordingly sentenced Petitioner to a 48-month term of incarceration and a three year term of supervised release. CV 311-003, doc. no. 47, pp. 19-20. Judge Bowen notified Petitioner that, because he had imposed a sentence above the guideline range, Petitioner had the right to appeal his sentence within fourteen days of the date of the hearing. Id. at 21. Petitioner did not appeal, and he in fact signed a "Post-Conviction Consultation Certification" indicating that he had decided not to do so and fully understood the consequences of that decision. See id., doc. no. 46, p. 3.

Petitioner then proceeded to file the instant § 2255 motion, dated July 15, 2012, and it was filed by the Clerk of Court on August 6, 2012. (Doc. no. 1, p. 13.) Although Petitioner has listed three grounds for relief in his motion, it is clear from his descriptions of those grounds – as well as from the fact that he only discusses two grounds in his brief – that Petitioner in fact asserts only two claims: (1) that the affidavit used to obtain the search warrant that led to his conviction for felon in possession of a firearm contained false statements, and (2) that Petitioner's trial counsel provided ineffective assistance by failing to file a motion to suppress the supposedly illegal search warrant, as well as any and all evidence stemming therefrom.[1] (Id. at 4-7, 14-23.) Respondent contends that Petitioner's § 2255 motion should be dismissed because his claims are barred by the collateral attack waiver set forth in his plea agreement. (See doc. no. 3.) Upon prompting from the Court (see doc. no. 4), Petitioner submitted a response in opposition in which he asserts, somewhat confusingly, that he did not "waive his right to effective assistance of counsel," because such a claim is based on due process and thus is not barred by an appeal waiver. (Doc. no. 7, p. 1.) In his response, Petitioner additionally attempts to add to his petition an ineffective assistance of counsel claim based on counsel's failure to object to Judge Bowen's upward departure from the sentencing guidelines, and he also argues that he should be permitted to file a direct appeal of his sentence due to that upward departure. (Id. at 2.) The Court resolves the matter as follows.

---

[1] Accordingly, the Court will refer to Petitioner's claims concerning ineffective assistance based on counsel's failure to file a motion to suppress, which are addressed under Grounds Two and Three in the instant motion, as "Ground Two."

5

## II. DISCUSSION

### A. Petitioner's Claims Are Barred by the Collateral Attack Waiver in His Plea Agreement

It is well settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).[2] "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence or the knowing and voluntary nature of his guilty plea. See CR 311-003, doc. no. 36, p. 3 ("[T]o the maximum extent permitted by federal law, the defendant . . . voluntarily

---

[2]Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See Bushert, 997 F.2d at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding . . . ."). Judge Bowen thoroughly went over Petitioner's plea agreement and specifically reviewed the waiver provisions at the plea colloquy. Id., doc. no. 48, pp. 10-11. After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Id. at 12.

The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, the Court concludes that the collateral attack waiver is valid and that both of Petitioner's claims are barred by the waiver.

In making this determination, the Court is aware that Ground Two of the motion involves an assertion of ineffective assistance of trial counsel. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)). Here, Petitioner's assertion of ineffective assistance of counsel pertain to his counsel's failure to file a motion to suppress concerning a search warrant that Petitioner contends contained false statements and was therefore illegal. (See doc. no. 1, pp.

7

4-5.) However, nowhere in his motion or brief does Petitioner make any attempt whatsoever to connect that assertion to the validity of his guilty plea or the collateral attack waiver. Although Petitioner asserts that, but for counsel's failure to file a motion to suppress, he might not have pleaded guilty and would have instead insisted on a trial (id. at 23), such an assertion has no bearing on the knowing and voluntary nature of that guilty plea, as explained in more detail below. In other words, because that allegation does not call into question the validity of Petitioner's guilty plea or collateral attack waiver, Petitioner's collateral attack waiver bars that claim.[3] See Williams, 396 F.3d at 1342 n.2.[4]

**B.    Petitioner's Guilty Plea Was Knowing and Voluntary**

As noted above, even if Petitioner's claim of ineffective assistance of counsel for failure to file a motion to suppress were *not* barred by the collateral attack waiver, it is barred by Petitioner's guilty plea. Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a

---

[3]Moreover, as explained infra Part II.B, even if Petitioner had not waived that claim pursuant to the collateral attack waiver, it is barred by Petitioner's valid guilty plea.

[4]Additionally, to the extent that Petitioner intends to add an additional claim to his motion concerning ineffective assistance of counsel based on counsel's failure to object to the upward variance of Petitioner's sentence, he may not do so. (See doc. no. 7, p. 2.) At this point in the proceedings, Petitioner is not entitled to amend his pleading by adding a new claim without seeking leave of the Court, and he has not done so here. See Fed. R. Civ. P. 15(a)(1), (2). Moreover, even if the Court *were* to permit Petitioner to add the new claim, such an amendment would be futile, in that the pleading would still be subject to dismissal. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). Here, as in Williams, Petitioner's attempted new assertion of ineffective assistance of counsel pertains to his counsel's representation at sentencing. Therefore, that claim "[does] not concern representation relating to the validity of the plea or waiver." See Williams, 396 F.3d at 1342 n.2. Thus, the Court will not allow Petitioner to add a new claim concerning ineffective assistance of counsel.

8

petitioner may only challenge the knowing, voluntary nature of the plea. United States v. Broce, 488 U.S. 563, 574 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows:

> "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights." A plea of guilty "cannot support a judgment of guilt unless it was voluntary in a constitutional sense." Aside from the obvious involuntariness of a coerced plea, the Supreme Court has identified two other ways that a defendant's guilty plea may be involuntary in a constitutional sense:
>
>> A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense.
>
> As the Supreme Court has plainly instructed, the voluntariness requirement is not satisfied unless the defendant receives real notice of the true nature of the charged crime: "Clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"

United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997) (internal citations omitted). The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion,

9

(2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (quotation omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error, he would not have entered the plea." Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

Here, the extensive plea colloquy conducted by Judge Bowen addresses each of the aforementioned "core principles." Moriarty, 429 F.3d at 1019. Judge Bowen informed Petitioner in clear terms of the charge to which Petitioner was pleading guilty, as well as the maximum penalty that might be imposed in the event of Petitioner's conviction, and Petitioner testified that he understood the charge and the maximum penalty that might be imposed. CR 311-003, doc. no. 48, pp. 6-7. Judge Bowen also provided a detailed explanation of the rights that Petitioner would forfeit by pleading guilty; Petitioner stated that he understood these rights and that his decision to plead guilty would result in a waiver of these rights. Id. at 8-11. In addition, Petitioner testified that no one had made him any prediction, prophesy, or guarantee that he would receive a particular sentence, and that no one had forced, threatened, or pressured him to plead guilty. Id. at 10, 12.

In short, despite Petitioner's markedly vague and self-serving assertion that he might not have pleaded guilty if his trial counsel had filed a motion to suppress and would have instead insisted on a trial (doc. no. 1, pp. 22-23), Judge Bowen's thorough plea colloquy ensured that Petitioner's guilty plea was free from coercion and that Petitioner understood both the nature of the charge to which he was pleading guilty and the consequences of his plea. See Moriarty, 429 F.3d at 1019. Moreover, Petitioner clearly expressed that he was "entirely satisfied with [his] lawyer's preparation and handling of [his] case." (Doc. no. 48,

10

p. 6.) As noted above, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74; see also United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.") Thus, given his former sworn testimony, Petitioner cannot now claim that he was fundamentally unsatisfied with his counsel's performance. Accordingly, the Court finds that the record is clear as to the knowing and voluntary entry of Petitioner's guilty plea.

That being the case, Petitioner's claims that his trial counsel provided ineffective assistance by failing to file a motion to suppress are barred by the guilty plea. "A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings." United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984) (emphasis in original). Once a defendant enters a knowing, voluntary guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Here, the guilty plea was entered knowingly and voluntarily, Petitioner has provided no reason whatsoever to doubt the competence of his counsel, his ineffective assistance claim concerns matters that occurred prior to the entry of the guilty plea, and the claim has no bearing on issues of jurisdiction. Yunis, 723 F.2d at 796. Thus, even if the collateral attack waiver did not bar Petitioner's claim of ineffective assistance of counsel for failure to file a motion to suppress, Petitioner's guilty plea provides an additional bar against it.

In sum, Ground One in the instant § 2255 motion, which sets forth a general claim concerning the alleged invalidity of the search warrant that led to Petitioner's arrest and conviction, is clearly foreclosed by the collateral attack waiver. Ground Two, which sets forth an ineffective assistance of counsel claim based on trial counsel's alleged failure to file a motion to suppress, is also barred by the collateral attack waiver; however, even if it were *not* so barred, it (along with Ground One) is barred by Petitioner's knowing and voluntary guilty plea. Thus, Respondent's motion to dismiss the instant § 2255 motion should be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 3), that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 7th day of May, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE